FILED ____ ENTERED
LODGED ____ RECEIVED

DEC 21 2000      12/22/00

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                               DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER BROWNE,

    Plaintiff,

v.

MICROSOFT CORP., et al.,

    Defendants.

CASE NO. C99-1665C

ORDER

This matter comes before the Court on two discovery motions, one made by each side. The plaintiff has made a motion to compel the defendants to produce statistical data and performance reviews, and the defendant moves for an order requiring the disclosure of Plaintiff's banking and credit card information. Both motions are granted as discussed below.

The parties appear to have made significant progress on resolving several discovery issues between the time of the initial filing of these motions and their reply briefs. Since both parties have submitted well written, and relatively succinct briefs on the remaining issues, the Court will endeavor to be equally direct and succinct in its Order.

**I. Discussion of Plaintiff's Motion**

The key to the plaintiff's motion appears to be this Court's interpretation of how broad discovery

ORDER – 1

should be in Title VII cases, based upon Supreme Court caselaw and 9th Circuit caselaw. This Court has reviewed the Supreme Court's case, <u>Wards Cove Packing Co., Inc. v. Atonio</u>, 490 U.S. 642 (1989), and the Supreme Court has made very clear that in a Title VII case, the "proper comparison [is] between the racial composition of [the at-issue jobs] and the racial composition of the qualified . . . population in the relevant labor market." (citation omitted)

The plaintiff would have this Court follow the older 9th Circuit case, <u>Diaz v. AT&T</u>, 752 F.2d 1356 (1985), however the more recent, and directly on point, Supreme Court case is controlling on this issue.

Plaintiff has not seriously contended that any levels other than 13 or 14 are truly "at issue" jobs. Therefore, based upon the Supreme Court dictates on this issue, only information pertaining to levels 13 and 14 is properly subject to discovery.

The second issue in Plaintiff's motion concerns which groups within Microsoft are pertinent to discovery requests. The plaintiff has not contended that he ever sought a sales group job, nor does he contend that his position within the company was similar to those in the sales group. The only two groups that the plaintiff has worked in are the operations and products groups. These are the only groups that are properly the subject of discovery requests.

The third issue pertains to how far back the produced information must go. The defendant contends that this is no longer an issue, and the plaintiff has not readdressed this point in his reply brief, so the Court will assume that the issue is resolved.

Although it is true that discovery is usually quite broad, restricting discovery in this case to level 13 and 14 employees within the operations and products workgroups is by no means unduly narrow.

## II. Discussion of Defendant's Motion

The defendant seeks the bank and credit card records of the plaintiff in an attempt to support its theory that the plaintiff never intended to return to Microsoft. It appears that the only remaining issue pertaining to this is the dollar floor amount that the plaintiff seeks to impose. The Court sees no reason

ORDER – 2

for imposing such a floor, especially when it would defeat the very purpose of producing the financial records.

### III. Conclusion

To the extent that Microsoft has not produced the information sought by Plaintiff's motion, and as qualified by this Order, it is ORDERED to produce the materials within ten days of this Order. Microsoft is also to provide declarations, or appropriate witnesses, pertaining to the location of the missing performance reviews.

Defendant's motion to compel is also GRANTED without any dollar amount restriction. The plaintiff is ORDERED to produce the financial records within ten days of this Order, and to withdraw any objection with the financial institutions pertaining to the release of the records.

SO ORDERED this 21 day of December, 2000.

John C. Coughenour
Chief United States District Judge

ORDER – 3